# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Mitsubishi Tanabe Pharma Corporation<br>2-6-18, Kitahama, Chuo-ku, Osaka-shi,<br>Osaka 541-8505, Japan<br><br>         Plaintiff,<br><br>         v.<br><br>HON. David J. Kappos<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States<br>Patent and Trademark Office<br>Madison Building<br>600 Dulany Street<br>Alexandria, Virginia  22314 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |

## COMPLAINT

Plaintiff Mitsubishi Tanabe Pharma Corporation for its complaint against Defendant the Honorable David J. Kappos, state as follows:

1.     This is an action by the owner of United States Patent No. 7,566,728 ("the '728 Patent") seeking review of inaccurate and erroneous Patent Term Adjustment ("PTA") calculations made by the United States Patent & Trademark Office ("USPTO"). Specifically, this is an action by Plaintiffs under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 544 days calculated by the USPTO for the '728 Patent should be corrected to 1145 days.

2.     This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## I.     THE PARTIES

3.     Plaintiff Mitsubishi Tanabe Pharma Corporation is a company operating under the laws of Japan. Mitsubishi Tanabe Pharma Corporation is incorporated at 2-6-18, Kitahama, Chuo-ku, Osaka-shi, Osaka 541-8505.

4.     Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6.     Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7.     This Complaint is being timely filed in accordance with 35 U.S.C. § 154(b)(4)(A).

## III.     BACKGROUND

8.     The inventors of the '728 Patent are Koji TESHIMA and Masanori MINOGUCHI.

9.     The '728 Patent granted on July 28, 2009, based on U.S. Patent Application No. 10/508,339, which is a U.S. national stage of International Application PCT/JP03/03925 filed March 28, 2003.   The International Application

PCT/JP03/03925 claimed foreign priority of Japanese Application No. 2002-093398 filed on March 29, 2002. The '728 Patent is attached hereto as Exhibit A.

10. Plaintiff Mitsubishi Tanabe Pharma Corporation is the Assignee of the '728 Patent, as evidenced by the Assignment recorded in the USPTO at Reel/Frame 015938/0836 and the Change of Name recorded in the USPTO at Reel/Frame 020838/0701, and is the real party in interest in this case.

11. When the USPTO issued the '728 Patent on July 28, 2009, it erroneously calculated the entitled PTA for the '728 Patent as 544 days. Had the USPTO calculated the entitled PTA properly, the '728 Patent would be entitled to 1145 days of PTA.

12. The errors in the USPTO's PTA method of calculation are detailed a decision from the U.S. District Court for the District of Columbia where the Court granted summary judgment against the USPTO, holding that the USPTO's PTA calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute, *see Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008)*. The *Wyeth v. Dudas* opinion is attached as Exhibit B. This decision was appealed to the United States Court of Appeals for the Federal Circuit, which, on January 7, 2010, handed down a decision that the USPTO has been calculating PTA incorrectly in certain circumstances, ultimately affirming the District Court's original decision, *see Wyeth v. Kappos, No. 09-1120 (Fed Cir. Jan 7, 2010)*. The *Wyeth v. Kappos* decision is attached as Exhibit C.

13.    The correct PTA methodology identified in the prior *Wyeth v. Dudas* action
       governs the USPTO's calculation of PTA for Plaintiff's '728 Patent.

       **IV.    COUNT I: U.S. PATENT NO. 7,566,728**

14.    Plaintiff incorporates by reference the allegations in paragraphs 1-13 above, as
       if fully set forth herein.

15.    During prosecution of the '728 Patent, the patent owner of the '728 Patent
       accrued 575 days of PTA under 35 USC § 154(b)(1)(A), and accrued an
       additional 570 days ( = 668 days of USPTO's delay – 98 days of Applicant's
       delay) of PTA under 35 USC 154(b)(1)(B).

16.    Under the USPTO's interpretation of 35 USC § 154, all PTA accrued under 35
       U.S.C. § 154(b)(l)(A) and all PTA accrued under 35 USC § 154(b)(l)(B)
       inherently overlap and, thus, it has been the USPTO position that a patent holder
       is only eligible for the larger of these two amounts of PTA.  In addition, the
       USPTO erroneously calculated the USPTO's delay under 35 USC § 154(b)(l)(B)
       as 642 days (see paragraph 20, below), and therefore erroneously limited the
       PTA for the '728 Patent to 544 days ( = 642 days – 98 days of Applicant's
       delay ) as shown on the face of the '728 Patent.

17.    In view of *Wyeth v. Dudas*, all days on which 35 USC 154(b)(1)(A) or 35
       USC 154(b)(1)(B) apply should accrue PTA for the '728 Patent.

18.    Under *Wyeth v. Dudas*, each day from the day after December 25, 2005 (fourteen
       (14) months from the date on which the International application fulfilled the

requirement of 35 U.S.C. § 371 (i.e., § 371(c) Date October 25, 2004)) through to the grant date on July 28, 2009, qualifies for PTA under 35 U.S.C. § 154(b)(1)(A) (575 days), and each day from the day after September 29, 2007 (three (3) years from the "actual filing date" under 35 U.S.C. § 154(b)(1)(B)) through to the grant date on July 28, 2009, qualifies for PTA under 35 U.S.C. § 154(b)(1)(B) (668 days).

19.   **USPTO's Delay under 35 U.S.C. § 154(b)(1)(A)**

Plaintiff concedes that the total USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(A) is 575 days due to the USPTO's failure to issue an Office Action within fourteen (14) months after the date on which the international application fulfilled the requirements of  35 U.S.C. § 371, as the USPTO originally calculated.  In particular, this 575-day delay is calculated from December 25, 2005 (fourteen (14) months after the date on which an international application fulfilled the requirement of 35 U.S.C. § 371 (i.e., § 371(c) Date of 10/25/2004)) through to July 23, 2007 (the date of the first Office Action).

20.   **USPTO's Delay under 35 U.S.C. § 154(b)(1)(B)**

In calculating the USPTO prosecution delay accrued under 35 U.S.C. § 154 (b)(1)(B), Plaintiff disagrees with the USPTO's holding of a total USPTO prosecution delay of 642 days under 35 U.S.C. § 154(b)(1)(B) because this delay is erroneously calculated from October 25, 2007 (the day that is three years from the § 371(c) Date of October 25, 2004)) through to the grant date on July 28, 2009. Plaintiff contends that this delay should have been calculated from

September 29, 2007 (the day that is three years from the "actual filing date" of the '728 Patent (September 29, 2004)) through to the grant date on July 28, 2009.

In particular, since the '728 Patent was granted from a U.S. national stage application filed under 35 U.S.C. § 371, according to 35 U.S.C. § 154(b)(1)(B), 37 C.F.R. § 1.702(b), 35 U.S.C. §§ 371(b) and (f) and Article 22 (1) or (2) or 39 (1)(a) of the Patent Cooperation Treaty, the "actual filing date" of the '728 Patent, for the purpose of calculating the USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(B), is the date that is 30 months from the priority date of the International application (i.e., September 29, 2004), as explained hereinbelow. Therefore, Plaintiff contends that a total USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(B) should be 668 days, calculated from September 29, 2007 (the date that is three years from the "actual filing date" of the '728 Patent (September 29, 2004)) through to the grant date on July 28, 2009.

More specifically, 35 U.S.C. § 154(b)(1)(B) states:

> (B) GUARANTEE OF NO MORE THAN 3-YEAR APPLICATION PENDENCY.- Subject to the limitations under paragraph (2), if the issue of an original patent is delayed due to the failure of the United States Patent and Trademark Office to issue a patent within 3 years after the actual filing date of the application in the United States,…(emphasis added.)

In addition, 37 C.F.R. § 1.702(b) explains the meaning of the term "actual filing date" as used in 35 U.S.C. § 154(b)(1)(B). In particular, 37 C.F.R. § 1.702(b) states:

> (b) *Failure to issue a patent within three years of the actual filing date of the application.* Subject to the provisions of 35 U.S.C. 154(b) and

> this subpart, the term of an original patent shall be adjusted if the issuance of the patent was delayed due to the failure of the Office to issue a patent <u>within three years after the date on which</u> the application was filed under 35 U.S.C. 111(a) or <u>the national stage commenced under 35 U.S.C. 371(b) or (f) in an international application</u>,…(emphasis added.)

Furthermore, 35 U.S.C. §§ 371(b) and (f) refer to the time when a national stage application "commences" as follows:

> (b) Subject to subsection (f) of this section, <u>the national stage shall commence with the expiration of the applicable time limit under article 22 (1) or (2), or under article 39 (1)(a) of the treaty.</u> (emphasis added.)
>
> ….
>
> (f) <u>At the express request of the applicant</u>, the national stage of processing may be commenced at any time at which the application is in order for such purpose <u>and the applicable requirements of subsection (c) of this section have been complied with.</u> (emphasis added.)

In other words, unless an express request of the applicant is filed and the applicable requirements of 35 U.S.C. § 371(c) have been complied with, the U.S. national stage commences under 35 U.S.C. § 371(b), i.e., with the expiration of the applicable time limit under Article 22 (1) or (2), or under Article 39 (1)(a) of the Patent Cooperation Treaty.

Moreover, Article 22 (1) and (2) and Article 39(1)(a) state:

## Article 22

### Copy, Translation, and Fee, to Designated Offices

(1) The applicant shall furnish a copy of the international application (unless the communication provided for in Article 20 has already taken place) and a translation thereof (as prescribed), and pay the national fee (if any), to each designated Office not later than at <u>the expiration of 30 months from the priority date</u>. Where the national

law of the designated State requires the indication of the name of and other prescribed data concerning the inventor but allows that these indications be furnished at a time later than that of the filing of a national application, the applicant shall, unless they were contained in the request, furnish the said indications to the national Office of or acting for the State not later than at <u>the expiration of 30 months from the priority date</u>. (emphasis added.)

(2) Where the International Searching Authority makes a declaration, under Article 17(2)(a), that no international search report will be established, the time limit for performing the acts referred to in paragraph (1) of this Article shall be the same as that provided for in paragraph (1).

Article 39

Copy, Translation, and Fee, to Elected Offices

(1) (a) If the election of any Contracting State has been effected prior to the expiration of the 19th month from the priority date, the provisions of Article 22 shall not apply to such State and the applicant shall furnish a copy of the international application (unless the communication under Article 20 has already taken place) and a translation thereof (as prescribed), and pay the national fee (if any), to each elected Office not later than at <u>the expiration of 30 months from the priority date</u>. (emphasis added.)

In other words, "the applicable time limit under article 22 (1) or (2), or under article 39 (1)(a) of the treaty " stated in 35 U.S.C. § 371(b) is the expiration of 30 months from the priority date. Therefore, the expiration of 30 months from the priority date is the time at which the U.S. national stage shall commence under 35 U.S.C. § 371(b).

In view of the above, in the absence of filing an express request under 35 U.S.C. § 371(f), the "actual filing date" of a U.S. national stage application filed under 35 U.S.C. § 371, for the purpose of calculating the USPTO's delay under 35 U.S.C. §

154(b)(1)(B), is the date that is 30 months from the earliest priority date of the international application.

Since no express request under 35 U.S.C. § 371(f) was filed during prosecution of the '728 Patent, the "actual filing date" of the '728 Patent, for the purpose of calculating the USPTO's delay under 35 U.S.C. § 154(b)(1)(B), is the date that is 30 months from the priority date of the International application (i.e., September 29, 2004).

Therefore, Plaintiff contends that a total USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(B) should be 668 days, calculated from <u>September 29, 2007</u> (the day that is three years from the "actual filing date" of the '728 Patent (i.e., September 29, 2004)) through to the grant date on July 28, 2009.

21.     **No Overlap of USPTO's Delay under 35 U.S.C. § 154(b)(2)(A)**

Under *Wyeth v. Dudas* and the subsequent affirmance of this decision by the United States Court of Appeals for the Federal Circuit in *Wyeth v. Kappos*, the only way that the USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(A) and the USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(B) can overlap under 35 U.S.C. § 154(b)(2)(A) is if they occur on the same day.

Plaintiff contends that there is no overlap of USPTO prosecution delay under 35 U.S.C. § 154(b)(2)(A) because the entire USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(A) occurred between December 25, 2005 and July 23, 2007 (see paragraph 19, above), which was prior to any USPTO prosecution delay under 35 U.S.C. § 154(b)(1)(B) starting from September 29, 2007 (i.e.,

9

three (3) years after the "actual filing date" of September 29, 2004).

22.   **Applicant's Delay under 35 U.S.C. § 154(b)(1)(B)**

Plaintiff concedes a 64-day delay under 35 U.S.C. § 154(b)(1)(B) for the response filed December 26, 2007 to the Office Action issued July 23, 2007, and a 34-day delay for the Supplemental Response filed January 15, 2009 to the final Office Action issued September 12, 2008.  In other words, Plaintiff concedes that the delay by Applicant under 35 U.S.C. § 154(b)(1)(B) is 98 days (64+34 days) for the '728 Patent.

In addition, the USPTO originally erroneously determined that the delay by Applicant under 35 U.S.C. § 154(b)(1)(B) is 102 days (64+38 days) for the '728 Patent.   On April 28, 2009, Plaintiff filed a Petition for Request for Reconsideration of Patent Term Adjustment under 37 C.F.R. § 1.705, arguing that the delay by Applicant under 35 U.S.C. § 154(b)(1)(B) should be 98 days. The USPTO in the Petition Decision dated June 22, 2009 correctly determined that the delay by Applicant under 35 U.S.C. § 154(b)(1)(B) is 98 days (64+34 days) for the '728 Patent, which is consistent with what Plaintiff concedes.

23.   **Total PTA**

The total PTA should be calculated as follows:

**PTA = USPTO's delay under 35 U.S.C. § 154(b)(1)(A) + USPTO's delay under 35 U.S.C. § 154(b)(1)(B) – Overlap under 35 U.S.C. § 154(b)(2)(A) – Applicant's delay under 35 U.S.C. § 154(b)(1)(B) = 575 + 668 – 0 – 98 = 1145 days.**

24.    The USPTO's grant of only 544 days of PTA for the '728 Patent is arbitrary, capricious, and an abuse of discretion, or is otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

25.    It is accordingly believed that the overall PTA accrued by the Plaintiff is **1145 days**, and the patent holder accordingly requests **601 ADDITIONAL days** of PTA.

WHEREFORE, Plaintiff respectfully pray that this Court:

A.    Issue an Order changing the period of PTA for the '728 Patent term from 544 days to 1145 days and requiring Defendant to alter the terms of the '728 Patent to reflect the 1145 days of actual PTA due the '728 Patent.

B.    Grant such other and further relief as the nature of the case may admit or require and as may be just and equitable.

Dated: January 22, 2010              Respectfully submitted,

Quentin R. Corrie (DC Bar No. 224469)
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, Virginia  22042
Attorney for Plaintiff


Of Counsel,
Gerald M. Murphy, Jr.
BIRCH, STEWART, KOLASCH & BIRCH, LLP
8110 Gatehouse Road, Suite 100 East
Falls Church, Virginia  22042
Attorney for Plaintiff